FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 07, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ELDEN PIERCE, an individual,<br><br>Plaintiff,<br>vs.<br><br>CITY OF SPOKANE, A POLITICAL SUBDIVISION OF THE STATE OF WASHINGTON; ZACHARY JOHNSON, individually and in his official capacity; DAVID KAURIN, individually and in his official capacity; JOSHUA LAIVA, individually and in his official capacity, MICHAEL SCHNEIDER, individually and in his official capacity; JOHN and JANE DOES 1 10, individually and in their official capacities, inclusive.<br><br>Defendants. | No. 2:26-CV-00301-RLP<br><br>ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS STATE LAW CLAIMS |

Before the Court is Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c), ECF No. 5. Defendants seek dismissal of Plaintiff's claims for monetary damages arising from alleged violations of the

Washington State Constitution. Plaintiff has not filed a response. The Court has reviewed the motion and the record and is fully informed. For the reasons discussed below, the Court grants the motion.

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is appropriate when there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. *Enron Oil Trading & Transp. v. Walbrook Ins. Co.*, 132 F.3d 526, 529 (9th Cir. 1997).

Defendants seek dismissal of Plaintiff's claim for monetary damages under the Washington Constitution, arguing that Washington law does not recognize a private cause of action for such violations. ECF No. 5 at 2-3. Defendants assert that "Plaintiff has pleaded a theory of recovery for violations of the Washington State Constitution," citing "ECF 1-3 at 23:14-26:20, 30:11-31:22." ECF No. 5 at 2. The first cited portion, however, concerns Plaintiff's claims for negligent infliction of emotional distress, outrage, and discrimination under the Washington Law Against Discrimination. ECF No. 1-3 at 26-29. The second cited portion identifies Count XVII, in which Plaintiff alleges violations of article I, section 7 of the Washington Constitution and seeks monetary damages. *Id.* at 30-31.

Washington law does not recognize a private cause of action for monetary damages arising directly from violations of the state constitution absent legislative authorization. *See Reid v. Pierce County*, 136 Wash. 2d 195, 213-14 (1998); *Blinka*

*v. Wash. State Bar Ass'n*, 109 Wash. App. 575, 591 (2001). Because Plaintiff seeks monetary damages for alleged violations of article I, section 7 of the Washington Constitution, Count XVII fails as a matter of law. The Court therefore grants Defendants' motion and dismisses Count XVII with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Partial Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c), **ECF No. 5**, is **GRANTED**.

2. **Count XVII** of Plaintiff's Complaint, ECF No. 1-3, alleging violations of article I, section 7 of the Washington Constitution, is **DISMISSED with prejudice**. Plaintiff's remaining claims are unaffected by this Order.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** October 7, 2026.



REBECCA L. PENNELL
DISTRICT COURT JUDGE